

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | ED110114 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Pike County |
| v. | ) | 17PI-CR00128-01 |
| | ) | |
| MICHAEL A. BLACK, | ) | Honorable Patrick S. Flynn |
| | ) | |
| Appellant. | ) | Filed: March 7, 2023 |

Michael Black (hereinafter "Black") appeals the judgment convicting him of second-degree murder and armed criminal action. In his sole point on appeal, Black claims the circuit court abused its discretion by excluding evidence of the victim's past violent acts against third parties. We affirm.

### Factual and Procedural Background

The sufficiency of the evidence is not in dispute. On the night of August 18, 2017, Black shot and killed his stepson, Alexander Koch (hereinafter "Koch"), during an altercation at the home they shared. The two had argued earlier in the day. During the argument, Koch, standing six-feet tall, and weighing 285 pounds, picked Black up, shook him, and then shoved him into the side of a truck.

Following the argument with Koch, Black left home to run some errands. When he returned, Black informed Koch he would have to find a new place to live. Koch reacted angrily,

punching Black in the face and knocking him to the ground. Black testified he crawled backward while Koch began beating him with a skateboard. He testified Koch "was in a wild rage" and, to deter the attack, he pulled a pistol he had been carrying. After regaining his footing, Black testified he fled toward the garage, where Koch punched him, knocked him to floor, and grabbed for the pistol. Black fired once, shooting Koch in the chest. The autopsy showed the bullet travelled downward, striking Koch's kidney. There was no physical evidence showing Black fired the gun while in close contact with Koch.

After the shooting, Black poured himself a "bourbon," went to the patio, and waited approximately fifteen minutes for the police to arrive. Koch, meanwhile, laid dying in the garage. When the police arrived, Black admitted he shot Koch but stated he did so because he feared for his life. The State charged Black with first-degree murder, second-degree murder, and two counts of armed criminal action.

At trial, Black claimed self-defense. In addition to evidence regarding the altercation that led to the shooting, Black introduced evidence of Koch's past acts of violence against him and Koch's reputation as a violent person. Specifically, Black testified that in 2016, Koch punched him in the face on two separate occasions. Black also testified he was aware of Koch's reputation as an aggressive, violent person. Finally, he introduced testimony from seven additional witnesses, including his wife, who was Koch's mother (hereinafter "Ms. Black"), as well as Koch's sister and other family members and acquaintances. Each testified Koch had a reputation for violence.

Black's appeal centers on the circuit court's exclusion of his testimony regarding his knowledge of Koch's past acts of violence against third parties. Black made an offer of proof that he would testify Ms. Black told him: (1) Koch assaulted his biological father, who obtained an order of protection in 2012; (2) Koch threatened to kill his father and half-brother in 2015 or 2016;

2

(3) Koch shoved her to the floor in 2016; (4) Koch shoved her to the ground in 2017; (5) Koch shot two of her grandchildren with a BB gun in 2016 and also threw a chair at one of them; and (6) Koch shoved his sister into a wall. The circuit court excluded Black's testimony because his knowledge was based on Ms. Black's allegations, which he knew were unreliable. The court also concluded the 2012 incident was too remote in time.

The jury found Black guilty of second-degree murder and armed criminal action. The circuit court sentenced him to consecutive terms of 25 years in prison for murder and 10 years in prison for armed criminal action.

Black appeals. In his sole point on appeal, he claims the circuit court abused its discretion by excluding his testimony regarding Koch's prior acts of violence against other individuals. Black asserts this evidence was admissible to support his self-defense claim because it would have shown he had a reasonable fear of bodily harm or death when he shot Koch.

### Standard of Review

"A trial court enjoys considerable discretion in the admission or exclusion of evidence, and, absent [a] clear abuse of discretion, its action will not be grounds for reversal." *State v. Carpenter*, 605 S.W.3d 355, 358–59 (Mo. banc 2020) (internal quotation omitted). An abuse of discretion occurs when a decision "is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Id* at 359. (internal quotation omitted). This Court will affirm the circuit court's judgment if the challenged ruling was correct on any basis supported by the record and the law. *State v. Davis*, 71 S.W.3d 659, 665 (Mo. App. W.D. 2002).

**Analysis**

When self-defense is at issue in a criminal case, "the trial court may permit a defendant to introduce evidence of the victim's prior specific acts of violence of which the defendant had knowledge, provided that the acts sought to be established are reasonably related to the crime with which the defendant is charged." *State v. Waller*, 816 S.W.2d 212, 216 (Mo. banc 1991). Evidence of the victim's specific acts of violence are particularly relevant to a self-defense claim because the defendant's knowledge of such acts "is likely to instill fear in the mind of the defendant more quickly and more deeply than knowledge of the victim's general reputation for violence." *Id*. at 217.

While evidence of the victim's prior violent acts is relevant to a self-defense claim, the circuit court "is not required to admit all evidence proffered about a victim's prior specific acts of violence." *State v. Rutter*, 93 S.W.3d 714, 731 (Mo. banc 2002). Instead,

> the trial court must exercise caution in discretionary rulings that permit a defendant to introduce evidence of a victim's prior specific acts of violence: (1) for which the defendant has laid a proper foundation; (2) of which the defendant had specific knowledge; (3) that are reasonably related to the crime with which the defendant is charged; (4) that are not too remote in time; (5) that are of quality such as to be capable of contributing to the defendant's fear of the victim; and (6) that are not of quality substantially different from the act that the defendant accuses the victim of committing.

*Id*. The circuit court must balance the defendant's opportunity to substantiate his defense with the need to avoid unnecessary delay created "by evidentiary conflicts over matters of questionable relevance." *Waller*, 816 S.W.2d at 216. Assessed against these standards, the record shows the excluded testimony does not meet the criteria established by *Waller* and *Rutter*.

*A proper foundation cannot be laid with unreliable allegations*

The circuit court excluded Black's testimony regarding Koch's prior acts of violence against other individuals because his knowledge was based on Ms. Black's unreliable allegations.

4

Black argues the circuit court abused its discretion because the admissibility of Koch's prior acts of violence is premised on his knowledge of the allegations, not their veracity. We disagree.

Black's claim of self-defense is predicated on his "reasonable belief" it was necessary to use deadly force to protect himself against an imminent risk of death, serious physical injury, or a forcible felony. *State v. Sinks*, 652 S.W.3d 322, 339 (Mo. App. E.D. 2022); section 563.031.2 RSMo 2016. Because Black had to show he had a reasonable belief deadly force was necessary, the record must also show he had a reasonable basis for believing Koch actually committed the alleged prior acts of violence. Absent a reasonable basis for believing Koch actually committed those prior acts, Black cannot show his knowledge of the allegations was "likely to instill fear" and support his claim of self-defense. *Waller*, 816 S.W.2d at 217.

Here, the record shows Black knew his wife was an unreliable source of information. As the circuit court found, Black had earlier testified she "has blown things out of proportion." The fact Black was aware his wife's allegations were unreliable diminished the probative value of his proffered testimony. Moreover, Black's testimony showed that her unreliable allegations provided him with scant detail regarding Koch's alleged violent acts. Black's testimony regarding each incident was brief. He provided insufficient detail to show any of Koch's alleged prior violent acts were "of [a] quality such as to be capable of contributing to the defendant's fear of the victim posed a risk of imminent death or serious bodily injury." *Rutter*, 93 S.W.3d at 731. Considered in conjunction with the fact Black's knowledge came from an unreliable source, his lack of detailed knowledge shows he was not "sufficiently aware" of the details of Koch's prior acts to render them admissible. *Id*. Under these circumstances, the circuit court's exclusion of Black's testimony was

consistent with the court's discretion to avoid "evidentiary conflicts over matters of questionable relevance." *Waller*, 816 S.W.2d at 216.[1]

*The circuit court allowed Black to substantiate his defense*

Although the circuit court excluded Black's testimony regarding Koch's alleged prior violent acts against other individuals, the court allowed him to testify regarding two prior violent encounters with Koch and to introduce testimony from multiple witnesses regarding Koch's reputation for violence. Consistent with *Rutter*, the circuit court properly excluded the attenuated allegations regarding prior specific acts of violence while allowing Black to introduce evidence of Koch's specific acts of violence against him in addition to Koch's reputation for violence. The circuit court therefore allowed Black to substantiate his claim of self-defense while excluding evidence of questionable relevance. *Waller*, 816 S.W.2d at 216. Considered in context, the circuit court's decision to exclude Black's testimony regarding allegations Koch committed prior violent acts against third parties is not so "clearly against the logic of the circumstances" that it constitutes an abuse of discretion. *Carpenter*, 605 S.W.3d 355 at 358-59.

**Conclusion**

We affirm the circuit court's judgment.

Renée Hardin-Tammons, Judge

Lisa P. Page, P.J. and
Thomas C. Clark, II, J., concur

---

[1] The circuit court also concluded Black's testimony regarding the 2012 incident was inadmissible because it was too remote in time from the underlying 2017 shooting. The circuit court has discretion to exclude past acts that are remote in time. *Rutter*, 93 S.W.3d at 731; *see also Waller*, 816 S.W.2d 216.